CARL HENDERSON (ALIAS LOUIS STEINKOFF) V. THE STATE.

No. 18126. Delivered April 1, 1936.
Rehearing Denied May 27, 1936.

The opinion states the case.

*Peden, Johnson & Peden,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

C. R. Dawson testified, in substance, as follows: On the 29th of April, 1935, three men came to his service station in an automobile and robbed him. He had seen appellant on two occasions prior to the robbery and was positive that he was one of the men who participated in the commission of the offense. T. H. Pagoda testified that he was at the service station on the occasion of the robbery and that Willie Stockman, who also participated in the offense, drew a gun on him. Appellant did not testify in his own behalf. However, he introduced witnesses whose testimony raised the issue of alibi. Again, he introduced in evidence a judgment of lunacy against him. Several witnesses testified that, in their opinion, since his release from the asylum appellant was at times of unsound mind. In rebuttal the State introduced witnesses who expressed the opinion that appellant was sane.

In bill of exception No. 1 it is shown that appellant objected to the testimony of T. H. Pagoda to the effect that he identified Willie Stockman as one of the participants in the robbery, and that Stockman drew a gun on him. We are unable to agree with appellant that said testimony related to a collateral matter. Stockman and appellant were shown to be acting together in the commission of the offense.

Bill of exception No. 2 brings forward complaint of the action of the trial court in permitting Mr. Dawson to be recalled to the stand for the purpose of again describing appellant's actions at the time he was committing the robbery. In qualifying the bill of exception, the court states that said testimony was permitted on the issue of insanity. It is observed that some of appellant's witnesses testified that during the times appellant appeared to be insane he was nervous and his hands shook. The testimony of Mr. Dawson was to the effect that appellant appeared to be calm and his description of the manner in which the offense was committed indicated that appellant was not nervous or excited. We think said testimony was admissible, as tending to rebut the contention of appellant that he was insane at the time of the commission of the offense.

Several bills of exception relate to the action of the trial court in permitting nonexpert witnesses to testify that from talking to appellant and observing his conduct, they saw noth-

ing that would indicate that he was of unsound mind. One of the witnesses was the arresting officer. He had carried appellant from Milam County to Houston, a distance of about 150 miles. He testified that on said trip he talked to appellant and observed him. Another of the witnesses had talked to appellant and observed him during the time he was incarcerated in jail in Houston. The objection to the testimony of said witnesses was on the ground that they had not testified to any facts affording sufficient predicate for the expression of an opinion as to appellant's sanity, and on the further ground that they had not had sufficient opportunity to observe appellant. The objection was properly overruled. It is well settled that a nonexpert witness, who has shown reasonable opportunity to observe the acts and conduct of the party inquired of, may state that he has never observed anything in the acts, speech, demeanor or conduct of such party which was peculiar, or which led the witness to believe or conclude such party of unsound mind or abnormal. Upton v. State, 20 S. W. (2d) 794, and authorities cited.

In Shields v. State, 283 S. W., 844, this court said:

"We further observe that we are unable to draw the fine distinction between the weight, effect, and admissibility of a statement by one who shows himself to have seen, associated, and been with another enough to enable the witness to say that he has never seen or heard anything in the words, looks, or acts of such other to indicate that he is of unsound mind or abnormal, on the one hand, and the same statement in other words, viz: that from the length of such association and opportunity for such observation, even though he cannot remember details, he is of opinion that the party is of sound mind."

In Langhorn v. State, 289 S. W., 57, Judge Lattimore, speaking for the court, used language as follows:

"While a nonexpert witness may not give his opinion upon a hypothetical case, still, it seems to us that if he testifies to actual personal conversations with and observation of the party whose sanity is under investigation, he may be allowed to express his opinion, subject always to the right of cross-examination, so that, if the opinion is entitled to slight weight by reason of lack of length of association or opportunity to form the opinion expressed, this may be brought out before the jury."

Giving effect to the decisions, we are constrained to overrule appellant's contention.

In bill of exception No. 6 it is shown that Dr. J. B. York,

who had specialized in mental and nervous diseases for twenty years, examined appellant for about twenty minutes during the progress of the trial. He was permitted to testify that in his opinion appellant was sane. It is appellant's contention that the witness was not qualified to express said opinion in view of the fact that he had not had sufficient time in which to make the examination. We think the testimony was admissible. The objection went to its weight.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again complains at the trial court's action in admitting certain testimony of non-expert witnesses on the issue of appellant's sanity. We have again examined the bills of exception bringing such complaint forward. They were all considered and discussed in our original opinion. We are not led to believe that the conclusion then reached was erroneous.

The motion for rehearing is overruled.

*Overruled.*