GEORGE PACE V. THE STATE.

No. 18899. Delivered April 28, 1937.
Rehearing Denied (Without Written Opinion) June 23, 1937.

The opinion states the case.

*W. E. Myres,* of Fort Worth, for appellant.

*Gean B. Turner,* District Attorney, of Cleburne, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of being an accomplice to the offense of murder with malice, and his punishment was assessed at confinement in the state penitentiary for a term of seventy-five years.

It is charged in the indictment that Mrs. Jermstead killed her husband, Menloe Jermstead, by the use of poison. The appellant is charged as an accomplice to the offense in that he advised, aided, and encouraged her, although not present at the time of the commission of the offense.

The testimony shows that improper relations had existed between appellant and Mrs. Jermstead prior to and up to the time of the commission of the offense; that appellant and Mrs. Jermstead wished to get Mr. Jermstead out of their way, in order that they might marry; that they agreed the appellant should procure poison and she would in some way cause him to take it. A few days prior to the commission of the offense appellant purchased twenty grains of strychnine at a drug store in Meridian. He gave the strychnine to Mrs. Jermstead and on the following Friday morning she mixed the same with coffee and set it at Mr. Jermstead's place at breakfast. Soon after Mr. Jermstead drank the coffee he became sick and began having convulsions and soon died. An analysis of his stomach revealed the presence of strychnine.

By bills of exception numbers one, two, three, four, and five appellant complains of the action of the trial court in admitting in evidence: first, the oral statement made by Mrs. Jermstead to Pearl Binson, sheriff of Bosque County; second, the admission of the written confession made by Mrs. Jermstead to C. S. Smith, County Attorney of said county; and third, the testimony of Mrs. Jermstead given upon the trial. Appellant objected to the testimony given by Pearl Binson as to what Mrs. Jermstead told him after the commission of the offense and also objected to the written confession made by her on the ground that it was hearsay; that it was detailing a declaration of a co-conspirator after the commission of the offense in the absence of the defendant. He further objected to Mrs. Jermstead's testimony on the ground that her oral statement and written confession had already been introduced in evidence and her testimony would give undue emphasis to the same. After all of said testimony had been admitted appellant moved the court to strike out each and every statement made by Mrs. Jermstead in her oral statement and written confession upon the same grounds which he urged against the admission thereof. It appears from the bills of exception that appellant contends that the State sought to bolster up its witness, Mrs. Jermstead, by categorically offering first her verbal statement and written confession and then re-enforcing it by placing her on the witness stand to repeat what she had al-

ready stated in her oral statement and written confession. If it be conceded that the court may have fallen into error in some of the particulars mentioned, we are unable to see how same could have injured appellant. His written confession which was offered in evidence by the State is in every essential part in accord with the oral statement and written confession of Mrs. Jermstead as well as with her testimony given on the trial. No contention was made by the appellant as to his connection with the offense charged. By his confession he unequivocally admitted his guilt and in corroboration thereof the State showed by the testimony of the druggist that a few days prior to the commission of the alleged offense the appellant purchased a quantity of poison of the same kind as was found in the stomach of the deceased. His only defense was that of insanity. It occurs to us that under state of facts in the instant case no material injury resulted to him from the admission of the testimony objected to. Furthermore, the court instructed the jury that the written confession and the oral statement made by Mrs. Jermstead was admitted in evidence for the sole and only purpose of showing, if it does, that Mrs. Jermstead killed her husband as charged and could not be considered by them for any other purpose whatever, and in no event could they consider it as connecting or even tending to connect the defendant with the commission of the offense as an accomplice. By said instruction the court specifically limited the jury's consideration of said testimony to determining the guilt of Mrs. Jermstead. The court also instructed the jury on the law of accomplice testimony and in addition thereto charged them that they could not consider the written confession of Mrs. Jermstead or the oral statement made by her to Pearl Binson as any corroboration of her testimony given on the witness stand tending to connect the defendant with the offense. It seems to us that the court by said instructions protected appellant's right against any improper use of said testimony by the jury. Appellant in support of his contention cites us to the case of Browney v. State, 79 S. W. (2d) 311. In that case the appellant made a written statement to the deputy sheriff, but in said statement she did not confess to any participation in the commission of the offense. She denied her connection as an accomplice to the offense and that distinguishes that case from the instant case.

By bills of exception numbers six and seven appellant complains of the action of the court in permitting Drs. Burnett and Pike to testify that they examined appellant while he was

in jail. Dr. Burnett examined him on two occasions and Dr. Pike on one occasion. From their examination and observation of him they reached the conclusion that he was sane. Appellant objected to said testimony on the ground that the doctors had not had sufficient opportunity to examine and observe him so as to properly form an accurate opinion as to his sanity or insanity. To support his contention he cites us to the case of Cox v. State, 60 Texas Crim. Rep., 471. An examination of that case discloses the fact that the doctor testified that he had only seen appellant two or three times and had never noticed anything wrong with him except on the occasion of the commission of the offense, at which time he appeared to be very much excited, was crying, and complaining that the deceased had assaulted him. The court held that since the doctor had not observed anything wrong with the appellant's mind prior to the time of the homicide, then his observation of appellant a few minutes prior to the commission of the offense was not sufficient to authorize the witness to express his opinion as to the sanity or insanity of appellant. We think that said case is readily distinguishable from the case at bar. In that case the doctor had not observed any act or conduct on the part of the appellant prior to the commission of the offense which indicated an abnormal mind. He saw appellant excited, crying, and heard him complaining that the deceased had assaulted him a few minutes prior to the commission of the offense. While in the case under consideration the doctors went to the jail with the purpose of determining the condition of appellant's mind. They examined and observed him and found nothing which indicated an abnormal condition. It is our opinion that the objection went more to the weight of the evidence than to its admissibility. See Henderson v. State, 94 S. W. (2d) 467; Langhorn v. State, 289 S. W., 57.

Appellant urged a number of objections to the court's charge which we have examined in the light of the record before us and reach the conclusion that the court's charge is not subject to the objections urged thereto.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.