### RAFAEL PEREZ v. THE STATE.

No. 19281.   Delivered May 11, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*Dibrell, Moshiem & Campbell,* of Seguin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

In his confession appellant admitted that he and two other Mexicans beat deceased over the head with a piece of wood after they had first bound him with leather belts. Deceased made a dying declaration in which he declared that appellant and two named Mexicans had beaten him. It was stated in the confession that appellant and his companions assaulted deceased in an effort to obtain money.

Testifying in his own behalf, appellant repudiated his confession and denied that he participated in the transaction resulting in the homicide. His testimony also raised the issue of alibi.

Bill of exception No. 10 relates to appellant's objection to the testimony of a witness to the effect that sometime after the homicide he went to the home of deceased and found $3,700.00 in a wall under the stairway. It is observed that appellant's confession shows that the assault upon deceased was made for the purpose of obtaining money. If appellant and his companions committed the offense in an effort to rob deceased it would seem to follow that they had information that deceased was possessed of money. The confession showing that the motive of the appellant was robbery, we are unable to reach the conclusion that receipt of testimony showing he had $3,700.00 in his home could have prejudiced the rights of appellant.

Bill of exception No. 9 relates to the action of the court in declining to permit appellant to introduce the last will and testament of the deceased, showing that he had left no property to his mother. It was appellant's contention that such proof would have tended to rebut the testimony to the effect that deceased had expressed solicitude for the welfare of his mother

and asked a witness to see that she was taken care of. The testimony last mentioned was introduced by the State in laying a predicate for the introduction of the dying declaration. We are unable to agree with appellant that the rejected testimony was relevant and material. We quote from Branch's Ann. P. C., Section 97, as follows: "No circumstance is relevant which does not make more or less probable the proposition at issue."

Bill of exception No. 1 complains of the action of the court in excusing the sheriff from the rule. The matter of excusing an officer from the rule is one which is confided to the discretion of the court, and unless it is made to appear that the court abused his discretion no reversible error is shown. Branch's Ann. P. C., Section 344. We think the bill fails to show an abuse of the trial judge's discretion.

It is shown in bill of exception No. 7 that appellant requested the court to strike from the evidence the dying declaration of the deceased, as testified to by the sheriff. Touching the predicate for the introduction of the dying declaration, the sheriff testified that deceased said to him: "I am glad you came by. I feel like I am going to die, and before I die I want to tell you who jumped on me. It was the three Mexicans on the Bodo Stolte place; one was Herrera, one Simona, and a Mexican by the name of Rafael."

Moreover, another witness testified that deceased told him shortly prior to his death that he felt quite sure he would never return to his home; that he wanted the witness to see that his mother and his cattle were taken care of; that the Bodo Stolte Mexicans were the ones who attacked him. We think the testimony was sufficient to warrant the conclusion that deceased was conscious of approaching death when he made the declaration. It is not essential that the declarant shall state in specific terms that he is conscious of impending death. It is sufficient if it satisfactorily appears in any mode that the declarations were under that sanction, whether it be proved by the express language of the declarant, or be inferred from his evident danger, or the opinion of the medical or other attendants stated to him, or from his conduct or other circumstances of the case, all of which are resorted to in order to ascertain the state of the declarant's mind. Moore v. State, 78 S. W. (2d) 189.

Appellant admitted in his confession that he assaulted the deceased in an effort to obtain his money. A charge on circumstantial evidence was not required.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant again insists that his bill of exceptions No. 2 shows error, in that the court refused to place Sheriff Saegert under the rule and also that having allowed the sheriff to remain in the courtroom during the trial of the case, he was again permitted to testify and to identify a certain shirt that appellant was supposed to have been wearing at the time of his arrest by the sheriff. This witness, upon his second appearance upon the stand, merely corroborated other witnesses as to this shirt, and we can see no error in thus allowing him to testify concerning a matter that was practically an uncontradicted one.

At appellant's insistence we have again carefully examined bill of exceptions No. 9, which relates to a refusal of the trial court to admit in evidence the will of the deceased, Mr. Scheunemann. The purpose of the offering of such will was found in an endeavor to throw some doubt or suspicion on a portion of the testimony of Rev. Kuretsch wherein he testified that in connection with a purported dying statement the deceased referred feelingly to his mother, although his mother was not mentioned in such will. In our opinion this matter was too remote, and too speculative, to have furnished any substantial basis for saying that such dying declaration was probably not made. We see no error in refusing the introduction of such will.

Appellant also complains of the fact that in our original opinion herein we failed to write on his bill of exceptions No. 8, which was based upon the introduction in evidence of a purported dying statement made by the deceased to the Rev. Kuretsch. The statement itself is as follows:

"On July 16th, 1936, in the morning, when there was no one else in the room, I talked to Willie Schuenemann, at the hospital. He told me he felt quite sure he would never return to his home, and that I should be sure that his mother would be taken care of, and I assumed he was very fond of his cattle, judging from what he told me there, that he would like for us to see to it that his cattle would be well taken care of, and another statement he made is that the Bodo Stolte Mexicans are the ones who attacked him."

The main objection to the above statement being that the witness had not qualified as an expert, and that his statement relative to the deceased's sanity was but a mere conclusion, and should have been preceded by the witness giving his reasons upon which he based such conclusion. We fear that appellant has confused the rule relative to the insanity of a person with that relative to such person's sanity. The law presumes the sanity of all, until such has been otherwise shown, and we have long held that a nonexpert may testify that a person, with whom he is familiar and with whom he has been associated, appears to be sane, without first detailing the circumstances upon which such a conclusion is based. See Upton v. State, 20 S. W. (2d) 794, and cases there cited. Not so, however, when the witness' testimony would tend to establish the insane condition of the mind. In the latter event, it would be necessary to detail the circumstances from which the witness drew his conclusion of insanity before the same could be stated. See Branch's Penal Code, p. 15, Section 30. It is to be here noted that the deceased was a parishioner of the witness and an associate of his, and that the witness testified that at the time of making the statement the deceased was sane. This bill does not seem to reflect any error.

Appellant's complaint contained in bill of exceptions No. 6, which was not written on in the original opinion, can be answered by saying that the question of the deceased's sanity at the time of his having made the purported dying declarations was submitted to the jury, under proper instructions by the court, and the jury evidently found the deceased to have been in a sane condition when such were made. We also note that the confession, claimed to have been made by the appellant, was properly guarded by the court's instructions, and we see no error reflected in such bill No. 6.

We have herein attempted to notice all bills of exceptions that were not specifically written on in the original opinion. We think this case was properly decided in the original opinion, and so thinking the motion is overruled.