### JACK WILSHIRE V. THE STATE.

No. 22332. Delivered December 9, 1942.
Rehearing Denied January 27, 1943.

The opinion states the case.

*C. W. Croom,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of robbery. The punishment assessed is confinement in the State penitentiary for a term of five years.

The record shows that on the night in question the prosecuting witness, for the first time, met appellant and a young lady who was with him at Tony's Place on McKinney Avenue in the City of Houston, where appellant introduced himself by some name other than Wilshire and also introduced the young lady as his wife. Appellant asked the prosecuting witness to take him and his wife to the Oyster Shack on Walker Street. Mr. Davis, the prosecuting witness, agreed to do so, and asked Mr. Gibson to accompany him. When they arrived at the Oyster Shack appellant did not see any of the folks whom he expected to see and then asked Davis to take him beyond the underpass near the Beaumont Highway; that after they had gone under the underpass appellant punched Davis in the back with some instrument and said, "This is a hold-up; you are covered with a forty-five." He further said, "This means your money and your car." He then struck Davis with a bar of iron. Appellant and Davis clinched and a struggle ensued. However, Davis

managed to extricate himself from appellant's embraces and ran up the highway to Bill's Place, where he called the officers who recovered his car. Gibson, the companion of the prosecuting witness, was also struck over the head and left lying on the edge of the concrete highway in an unconscious condition.

Appellant's defense was insanity. He introduced in evidence a judgment entered by the County Court of Jefferson County on the 29th day of June, 1938, adjudging him to be insane. He proved by his mother that he was in the Psychopathic Hospital at Galveston for three months, when the doctors there reported that he should be transferred to a state hospital; that she tried to get him in at Rusk, Texas, but there were too many ahead waiting to be admitted. There was much evidence offered both by the State and the defendant as to the mental condition of the appellant. Two experts on mental disorders, who thoroughly examined appellant, testified that he was sane. The officers in charge of the jail in which he was confined for three months testified that they saw him every day; that they talked to him and observed him but that he did not say or do anything which indicated an abnormal mind or insanity.

The court, in his charge, instructed the jury that since the defendant had introduced in evidence a judgment of insanity, it is presumed that he is insane and was insane at the time of the commission of the alleged offense, and the burden of proof rested upon the State to show the contrary.

Appellant has three bills of exception complaining of testimony given by lay witnesses relating to his insanity, to which he objected on the ground that they had not qualified. The bills show that each of the witnesses stated his opportunity to converse and observe him; that during the time of each conversation, he said nothing and did nothing which indicated that he was of unsound mind. This was permissible under the following authorities: 24 Tex. Jur. p. 425, sec. 42, and cases cited under Note 17; Henderson v. State, 94 S. W. (2d) 467. Had the witnesses testified to the appellant's insanity, then they would have been required to state what he said or did that indicated he was of unsound mind, but when a person does or says nothing unusual, the witness will be permitted to express his opinion as to the mental condition of the accused. It may be that such testimony is of little probative force, but, nevertheless, it is admissible. See Perez v. State,

135 Tex. Cr. R. 311; Newchurch v. State, 135 Tex. Cr. R. 619.

Bill of Exception No. 1 relating to certain conduct of the Assistant District Attorney during his closing argument to the jury is without merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed an extensive motion insisting that the trial court committed fundamental error in not charging the jury on some phase of the law of insanity which he thinks was raised by reason of a judgment of not guilty on a plea of insanity in a former trial of a criminal case in Jefferson County. The judgment in such case is found in the record and the verdict of the jury was that "Jack V. Wilshire is insane and not mentally competent to make a rational defense against the charge pending against him." There is also found in the record an order of the county judge, based on the finding of the jury in the district court, directing that Wilshire is a proper subject for treatment in a hospital for the insane. He was thereupon committed to and confined in the State Psychopathic Hospital at Galveston.

In the instant case, the judge's charge to the jury submitted the issue of insanity and further instructed them that because of the former judgment he is presumed to be insane still, unless the contrary should appear to the jury trying him. He submitted a proper verdict in the event they found him not guilty on the issue of insanity. The motion does not point out the reasons for the contention that fundamental error was committed and we are unable to find any.

We have further reviewed the record and are of the opinion that the case was properly disposed of.

The motion for rehearing is refused.