405 P.2d 892

**STATE of Arizona, Appellee,**

v.

**Pablo Martinez LOPEZ, Appellant.**

**No. 1492.**

Supreme Court of Arizona,

En Banc.

Sept. 29, 1965.

**12**

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., for appellee.

Claude W. Olney, Phoenix, for appellant.

McFARLAND, Justice.

Pablo Martinez Lopez, hereinafter designated as defendant, was charged with the crime of illegal possession of narcotic drugs—to-wit, heroin—in violation of A.R.S. § 36-1002. Defendant initially entered a plea of "not guilty," but, during the trial of the case, he changed his plea to that of "guilty." He was sentenced to a term of not less than seven nor more than ten years, from which judgment of conviction and sentence he appeals.

Two members of the Phoenix Police Department saw defendant and his wife in front of a motel on West Buckeye Road in the 2300 block. Defendant had escaped from the city compound, while confined for a misdemeanor, and for this reason was taken into custody by the officers. They placed his hands behind his back and handcuffed him. One of the officers asked if he had a key to the apartment. He stated yes, and the officers took the keys, and then entered the apartment. Defendant was asked if he used narcotics. He stated that he did, and showed the marks on his arms. The same question was asked of his wife, and she made the same reply. The officer then asked if it was all right if they searched the apartment for narcotics, and defendant consented to the search. There was found, concealed underneath the sink in the apartment, an injection kit containing narcotics paraphernalia. It was admitted that the officers did not have a search warrant to search the room. Defendant assigns as error the denial of his motion to suppress the evidence on the ground that the same was illegally obtained without a search warrant.

The court heard the question under a motion to suppress the evidence two days before the trial, at which time defendant, his wife, and Officer Newton testified. The court, in denying the motion, said:

"* * * It seems to me that the evidence clearly and conclusively show that the defendant gave consent to the entry of their premises by the officers and after the people entered the premises, consent was given to the search of the premises. I don't know. Those seem to be the facts. The defendants did not protest the entry. As a matter of fact, we might say they invited it. So there is no element of forcible entry. Therefore, I can't see any reason why

the motion should be granted for suppressing the evidence, so motion to suppress evidence is denied."

The law in regard to a waiver of search and seizure is clearly set forth in the case of State v. Kananen, 97 Ariz. 233, 399 P.2d 426, where we held:

"In determining whether or not there was a consent, it is necessary that such a waiver or consent be proved by clear and positive evidence in unequivocal words or conduct expressing consent, and it must be established that there was no duress or coercion, actual or implied. State v. Tigue, 95 Ariz. 45, 386 P.2d 402; State v. Robinson, 74 N.J.Super. 305, 181 A.2d 208." 97 Ariz. at 235, 399 P.2d at 427

However, defendant, having changed his plea from "not guilty" to that of "guilty," waived all questions in regard to the legality of the search and seizure. In the case of State v. Murphy, 97 Ariz. 14, 396 P.2d 250, we stated:

"The record shows that the defendant, who was represented by counsel, entered a plea of guilty. By his plea of guilty he has foreclosed any inquiry into the matter of the alleged illegal search and seizure. Thomas v. United States, 290 F.2d 696 (9th Cir. 1961); Alexander v. United States, 290 F.2d 252 (5th Cir. 1961); Swepston v. United States, 289 F.2d 166 (8th Cir. 1961); Warren v. United States, 232 F.2d 629 (5th Cir. 1956). When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all nonjurisdictional defenses. The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities. Thomas v. United States, supra." 97 Ariz. at 15, 396 P.2d at 250

We again held, in the case of State v. Alford, 98 Ariz. 124, 402 P.2d 551, that defendant, having waived the right to question the admission of the evidence, may not now, on appeal, raise the question.

"A plea of guilty being properly before the court, the proceedings did not prejudice any rights of appellant. No ruling on the voluntariness or admissibility of appellant's confessions was made nor was one necessary. A plea of guilty waives production of all evidence of guilt, and thereafter a defendant may not question the legal sufficiency of the evidence against him. State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964); People v. Lehman, 51 Ill.App.2d 163, 200 N.E.2d 528 (1964)." 98 Ariz. at 128, 402 P.2d at 554.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.