408 P.2d 29

**STATE of Arizona, Appellee,**

v.

**Robert LaVerne ROBISON, Appellant.**

**No. 1501.**

Supreme Court of Arizona.

En Banc.

Nov. 24, 1965.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Julian F. Weltsch, Phoenix, for appellant.

McFARLAND, Justice:

Appellant, Robert LaVerne Robison, was charged, tried, and found guilty by a jury of the crime of robbery, with a prior conviction, in violation of A.R.S. § 13-641 and A.R.S. § 13-643. He was sentenced to serve a term of not less than ten nor more than eleven years in the Arizona state prison. From his conviction and sentence he appeals.

Appellant, on the evening of December 24, 1963, entered the Hudson Oil Company service station, 2520 West Buckeye Road, Phoenix, Arizona, at approximately 11:30 p. m., and through the use of a .32 calibre revolver obtained some $67.00 from the station attendant, Raymond Chisler, and the station cash drawer. Appellant then ordered Chisler into the back room of the station, and ordered him to wait there for fifteen minutes. Chisler waited a few moments, and then turned off the station lights and called the Phoenix police. Appellant was apprehended less than one hour after the robbery by Phoenix police officer Carrol Newby, who recognized appellant from a description broadcast on the police radio. Appellant pleaded not guilty, not guilty by reason of insanity to the crime charged, and denied the prior conviction.

Appellant raises four assignments of error. The first is the lower court erred in allowing the prosecution to question him over objection concerning his previous felony conviction, on grounds that it was too remote in time, that the nature of the previous offense prohibited such questioning, and, finally, that appellant was only twenty-three years of age at the time of its commission. Appellant had been convicted of a felony—receiving stolen property—in 1957, seven years prior to his trial in the instant case. We stated in State v. Boodry, 96 Ariz. 259, 394 P.2d 196:

"* * * Defendant took the stand in his own defense. A defendant who takes the stand may be impeached by prior felony convictions, in the same manner as any other witness. State v. Polan, 78 Ariz. 253, 278 P.2d 432; State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081; A.R.S. § 13-163. The convic-

tion was 11 years ago. Whether this is too remote is a question within the discretion of the trial judge, State v. Barker, 94 Ariz. 383, 385 P.2d 516. We do not believe the trial judge abused his discretion. * * *" 96 Ariz. at 265, 394 P.2d at 200

We find no abuse of discretion by the trial judge. Appellant's first assignment of error is unfounded.

■ Appellant's second assignment of error is the lower court's overruling of his objection to testimony of the prosecution's witness, officer Newby, concerning the mental condition of appellant at the time of commission of the robbery. Officer Newby testified the appellant was in his presence for a period of one to one and a half hours after the arrest. We have previously held that the opinion of a lay witness is admissible where sanity is an issue. State v. Miranda, 98 Ariz. 11, 401 P.2d 716; State v. Coey, 82 Ariz. 133, 309 P.2d 260. The fact that the one testifying is a lay witness goes to the weight to be given the testimony rather than to its admissibility. State v. Coey, supra. In State v. Griffin, 99 Ariz. 43, 406 P.2d 397, we said:

"We have held that as a predicate for the opinion of a non-expert witness as to the sanity or insanity of a person whose mental condition is in issue the witnesses must state facts, circumstances, acts, conversations and conduct of the person whose sanity is in question upon which he bases his opinion. Wigley v. Whitten, 78 Ariz. 88, 276 P. 2d 517 (1954); State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011 (1951). * * *

\*     \*     \*     \*     \*     \*

"The defendant also assigns as error the fact that the court permitted the police officer who obtained a confession from the defendant and who had seen him only a short time, to testify that in his opinion the defendant was sane. The trial court properly allowed in such testimony for the reasons discussed above." 99 Ariz. at 51, 406 P.2d at 402.

In the instant case Officer Newby testified as to the arrest and subsequent incidents immediately following, including a conversation between him and appellant while driving to police headquarters. Newby testified further to the interrogation of appellant. He was then asked to describe appellant's actions and conduct, and to give his opinion as to appellant's sanity based on observations and discussions with appellant on the night of the robbery. The circumstances surrounding the observations of Officer Newby do not affect the admissibility of the testimony, but only the weight it is to be given by the jury. Appellant's second assignment of error is without merit. State v. Griffin, supra; Henderson v. State, 130 Tex.Cr.R. 409, 94 S.W.2d 467.

Appellant next contends the lower court erred in denying his motion for a mistrial based on the deputy county attorney's closing argument concerning the lack of psychiatric testimony by the defense as to appellant's mental condition at the time of commission of the robbery. The import of these statements was to the effect that appellant had refused, or indicated he would so refuse, to be examined by a psychiatrist for the state. In State v. Dowthard, 92 Ariz. 44, 373 P.2d 357, we said:

"This Court has repeatedly held that attorneys are given wide latitude in their arguments to the jury. State v. Thomas, 78 Ariz. 52, 275 P.2d 408, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L. Ed.2d 863 (1954); State v. McLain, 74 Ariz. 132, 245 P.2d 278 (1952). * * In determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case, we have stated the best rule to be:

"'* * * Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by these remarks.' Sullivan v. State, 47 Ariz. 224, 238, 55 P.2d 312, 317 (1936)." 92 Ariz. at 47, 373 P.2d at 359

And, in State v. Woolery, 93 Ariz. 76, 378 P.2d 751:

"The county attorney, in arguing premeditation, said that deceased's minister had given him an idea concerning the case. A mistrial was urged by defendant on the basis of this statement. In denying the motion for mistrial the trial court stated that it did not consider the argument to be so prejudicial that an instruction (that the jury was not to take statements of counsel or their argument as being any part of the evidence) would not cure it. In State v. Merryman, 79 Ariz. 73, 283 P.2d 239 (1955) we said:

"'The general rule is that whether or not improper argument in a criminal case has influenced the verdict must be left to the sound discretion of the trial court on motion for a new trial. * * * If there has been no abuse of that discretion and it appears that substantial justice has been done the court will not reverse the judgment.' 79 Ariz. 74, 283 P.2d 241." 93 Ariz. at 84, 378 P.2d at 757

In the instant case the lower court, as in State v. Woolery, supra, instructed the jury:

"You should not consider as evidence any statement of counsel made during the trial unless such statement was made as an admission or stipulation

concerning the existence of a fact or facts."

The trial court did not abuse its discretion in denying appellant's motion for mistrial.

Appellant also contends his sentence to a term of not less than ten nor more than eleven years in the state prison was illegal, and excessive, because appellant was erroneously sentenced under A.R.S. § 13–1649, providing for increased punishment for a subsequent conviction where there has been a prior conviction within the state, on grounds the record indicated appellant had not been convicted of a prior felony. A.R. S. § 13–1649 provides, in part:

"A. A person who, having been previously convicted for * * * any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

"1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years. * * *"

■ Appellant withdrew his denial of the prior conviction shortly after the jury returned a verdict of guilty to the charge of robbery. By reason of his change of plea appellant waived objection to his sentencing under the prior-conviction statute, A.R.S. § 13–1649, supra. State v. Lopez, 99 Ariz. 11, 405 P.2d 892; State v. Alford, 98 Ariz. 124, 402 P.2d 551; State v. Murphy, 97 Ariz. 14, 396 P.2d 250.

Appellant, when questioned about a prior conviction of a felony, testified he had pleaded guilty to a felony. Both counsel in the absence of the jury stated appellant was sentenced for two years in prison for the offense of receiving stolen property, and the sentence was suspended. Counsel for appellant now contends there was no conviction, for the reason that the statute (A.R. S. § 13–1657) provides for suspension of sentence but not for suspension of execution of sentence, and that a suspended sentence does not constitute a prior conviction. In State v. Edge, 96 Ariz. 302, 394 P.2d 418, in which the trial court suspended the execution of sentence, we said:

"* * * The only cases in which execution of the sentence may be suspended are those in which, 'the sentence is to pay a fine, and the defendant is imprisoned until the fine is paid.' A.R.S. § 13–1657 A.2. In any event the only party prejudiced by this error is the state, and the defendant has no right to raise it. * * *" 96 Ariz. at 304, 394 P.2d at 420

■ Appellant in his testimony did not state whether the execution of the sentence was suspended or the passing of sentence suspended. However, as stated in State v. Edge, supra, he was not prejudiced if the

court suspended the execution of the sentence instead of the imposition of sentence. A.R.S. § 13–1649 provides an offense "punishable by imprisonment"—not that defendant was punished by imprisonment. In Tanzer v. United States, 278 F.2d 137 (9th Cir. 1960), the court stated:

"The question involved is whether the action taken by the court in the 1952 case can be said to amount to a 'conviction.' Appellant contends that, since imposition of sentence was suspended and probation granted, the action taken cannot be said to have that degree of finality which is necessary to a judgment of conviction.

"It is the fact of conviction with which we are concerned. The provision for second offenders (26 U.S.C. § 7237(c), states that an offender shall be considered a second or subsequent offender 'if he previously has been convicted' of the specified offense. Appellant contends that 'conviction' contemplates and must include sentence. This proposition has been rejected in United States v. Rivera, 2 Cir., 1955, 224 F.2d 88, 89, where it was stated:

" 'Under the wording of 21 U.S.C. § 174 the crucial facts which make this defendant a multiple offender are his three valid convictions. The sentences imposed for these convictions are of no significance, so that even if the defendant's first sentence had been corrected so as to be wholly suspended, the ten-year sentence provided by the statute would still have been mandatory. The language of the statute is too plain to admit of doubt. * * *' " 278 F.2d at 139.

The majority of jurisdictions that have ruled on this question agree that in the absence of statutory modification there has been a former conviction though sentence or passing of sentence for the offense has been suspended, or the defendant placed on probation. See Annot., 5 A.L.R.2d 1080 (1950); Tanzer v. United States, supra. This assignment of error is unfounded.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and BERNSTEIN, JJ., concur.