427 P.2d 533

The STATE of Arizona, Appellee,

v.

Joseph Espinoza MARTINEZ, Appellant.

No. 1706.

Supreme Court of Arizona, In Banc.

May 10, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., and Norman E. Green, County Atty., Pima County, for appellee State of Arizona.

Joseph E. Martinez, in pro. per.

UDALL, Justice.

On November 4, 1965, an information was filed in the Superior Court of Pima County jointly charging the appellant, Joseph Espinoza Martinez, hereinafter referred to as defendant, and three other persons with the crimes of burglary and grand theft. At his arraignment defendant pled not guilty to both counts, whereupon counsel was appointed to defend him.

The trial of the cause commenced on Friday, December 10, 1965. At the close of the first day of trial, the court recessed until the following Monday morning, December 13th. When the court reconvened on the 13th, counsel for defendant advised the court that defendant wished to change his plea from "not guilty" to "guilty". The defendant was asked by the court if he de-

sired to change his plea to guilty on both counts and he replied, in the presence of his attorney, that he did. Accordingly, the plea of guilty was accepted and the record discloses that at that time the prosecutor agreed to dismiss an additional charge that was then pending against defendant.

Defendant now appeals, contending that the judgment of his conviction should be overturned because allegedly his arrest was made on mere suspicion; his vehicle was searched without a search warrant; he was interrogated without the presence of counsel; counsel was not appointed for him at the preliminary hearing; the state failed to place the defendant where the crime was alleged to have been committed; and the trial of his case violates the 6th and 14th amendments to the Constitution of the United States.

We find no validity in this argument for none of the matters complained of by defendant attacks any jurisdictional defect in the proceedings and it is a well settled rule of law that when a defendant voluntarily and knowingly pleads guilty at his trial such constitutes a waiver of nonjurisdictional defenses, defects and irregularities in the proceedings. State v. Lopez, 99 Ariz. 11, 405 P.2d 892; State v. Murphy, 97 Ariz. 14, 396 P.2d 250; Thomas v. United States, 290 F.2d 696 (9th Cir. 1961); Alexander v. United States, 290 F.2d 252 (5th Cir. 1961); Swepston v. United States, 289 F.2d 166 (8th Cir. 1961); Warren v. United States, 232 F.2d 629 (5th Cir. 1956). The conviction and sentence which follow a plea of guilty are based solely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities, State v. Murphy, supra; Thomas v. United States, supra; and, after a plea of guilty, a defendant may not thereafter question the legal sufficiency of the evidence against him on appeal. State v. Alford, 98 Ariz. 124, 402 P.2d 551.

The record clearly shows that defendant was properly charged, that he had

a preliminary hearing, that at the time of his arraignment counsel was appointed to represent him and did in fact represent him in the trial court. He changed his plea from not guilty to guilty, it must be presumed, with full knowledge of the facts and of the consequences thereof because of his representation by counsel. Thomas v. United States, supra. It also appears from the record that defendant's counsel bargained for a plea, and received the benefits of having a previous charge dropped and of obtaining concurrent sentences on his client's guilty plea to burglary and grand theft.

For the foregoing reasons we affirm the judgment of the trial court.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.