497 P.2d 404

**STATE of Arizona, Appellee,**

v.

**John Byron LINNE, Appellant.**

**No. 1 CA–CR 350.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 25, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

States, Meyer & Vucichevich, by Dale L. States, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal by defendant-appellant John Byron Linne from a judgment of conviction for the crime of Grand Theft and a sentence thereon of 5 to 6 years in the state prison.

The sole issue presented in this appeal is whether the trial court erred when it denied defendant's motion to vacate the plea of guilty he had previously entered in the case.

Briefly, the pertinent facts are as follows. On March 14, 1966 a criminal complaint was filed against appellant and a co-defendant charging them with two counts of Grand Theft (auto). The defendants were represented by counsel. A preliminary hearing was held the following month at which time they were bound over to the Superior Court for trial. Thereafter an information was filed on April 27, 1966 and the matter proceeded to trial after motions were made to quash, to suppress, and for continuance. On the second day of trial, August 30, 1966, appellant was permitted to enter a plea of guilty to Count II of the information and Count I was dismissed. (His co-defendant also entered a plea of guilty to an amended information). The record at the time shows the following:

"MR. D'ANGELO [Appellant's trial counsel]: If the Court please, at this

time on behalf of the defendant, Linne, the defendant requests permission of the Court to withdraw his previous plea of not guilty with respect to Count II in the Information and enter a plea of guilty thereto.

THE COURT: Mr. Linne, is this your desire?

DEFENDANT LINNE: Yes.

THE COURT: All right. You do go along with this? You have discussed it with your counsel, is that correct?

DEFENDANT LINNE: Yes.

THE COURT: All right. Fine. The record may show the change of plea as indicated by counsel.

MR. WOLFRAM [Deputy County Attorney]: Your Honor, at this time the State would move to dismiss Count I of the Information as to John Linne."

The record at the time of judgment on September 29, 1966 shows the following with reference to the plea:

"THE COURT: (Addressing Defendant Linne:) Mr. Linne, your full name is John Byron Linne, is that correct?

A Yes, your Honor.

Q In this court some time past, Mr. Linne, you entered a plea of guilty to grand theft, a felony, is that correct?

A Yes.

Q Now, you did this on advice of counsel?

A Yes.

Q And you did it with full knowledge of what the possible sentence could be and all the other implications, is that correct?

A Yes.

THE COURT: It is the judgment of the Court that you are guilty of grand theft, a felony."

The trial judge, after hearing a strong plea for probation, proceeded to inform defendant that he was going to give him a chance to rehabilitate himself and that if he should again commit a crime he would be before the court and the court would most likely have to give him the "maximum sentence" to be served at the state prison at Florence. The court then suspended the imposition of sentence for a period of five years and placed defendant on probation. The trial court specified certain conditions of probation, among them being the requirement that defendant obey all laws and report to the adult probation officer at least monthly.

The probation officer's report, which was filed for the revocation hearing, shows several violations of the conditions of probation, including the aforementioned conditions, and also states that defendant was arrested on May 18, 1970 and charged with four felonies. The original trial judge, The Honorable Jack D. H. Hays, then no longer being a judge of the Superior Court, the matter of revocation of probation came before The Honorable Ed W. Hughes.

On July 20, 1970 defendant moved to vacate the plea of guilty he had previously entered on August 30, 1966 and asked to be re-arraigned on the information. Defendant's motion to vacate the plea was then set by the judge for hearing on July 24, 1970 at which time it would be heard in conjunction with the State's petition for revocation of probation. At the hearing several witnesses, including the defendant, testified and the matter was submitted. On July 31, 1970 the trial court revoked appellant's probation and sentenced him to a term of not less than five nor more than six years in the state prison and denied his motion to vacate the plea. This appeal followed.

Inasmuch as defendant bases his motion to vacate on the contention that the plea was invalid, the first question we must determine is whether the requirements expressed in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were applicable to the plea entered in August 1966.

The case of State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969) holds that the Boy-

kin rules were not retroactive and discussed the pre-Boykin rule as follows:

"At the time Griswold entered his plea of guilty, that is, in May of 1966, *the Arizona Rules of Criminal Procedure provided only that a plea of guilty (sic) could not be accepted from a defendant who was not represented by counsel until the consequences of such plea were explained to him. Rule 182, Rules of Criminal Procedure.* 17 A.R.S. Federal Rule 11, Federal Rules of Criminal Procedure, did not provide until July 1st, 1966, that a plea of guilty could not be accepted from a defendant even though represented by counsel without 'addressing the defendant personally' to determine whether he understood 'the consequences of the plea.' On June 2nd, 1969, the Supreme Court of the United States in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, where a defendant was represented by counsel in the Alabama Court, extended the procedural requirements of Federal Rule 11 to state courts holding:

'It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary.' At 242, 89 S.Ct. at 1711, 23 L.Ed.2d at 279.

The trial judge in accepting Griswold's plea of guilty could not, of course, know that the only constitutionally permissible procedures were to be those which the United States Supreme Court had promulgated for use in criminal practice before the federal district courts. Neither was he endowed with the necessary precognition to anticipate that the statements of counsel made in the presence of the accused could not be relied upon as a true expression of his wishes." (emphasis supplied) 105 Ariz. at 2, 457 P.2d 332.

We find the record satisfies the procedural requirements of our law as it existed at the time of the plea as announced in Griswold.

Defendant argues that he was not apprised of the consequences of the plea and that the record does not reflect that the plea was made voluntarily and intelligently with knowledge of the consequences. Our Supreme Court, in a pre-Boykin case where the defendant was represented by counsel at the entry of his plea which was made during trial, and after which an additional charge was dismissed, held that there is a presumption that the defendant was advised of his rights and of the consequences of his plea. The pre-Boykin plea case, State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967), which is very similar to the instant situation, states the following:

"The trial of the cause commenced on Friday, December 10, 1965. At the close of the first day of trial, the court recessed until the following Monday morning, December 13th. When the court reconvened on the 13th, counsel for defendant advised the court that defendant wished to change his plea from 'not guilty' to 'guilty'. The defendant was asked by the court if he desired to change his plea to guilty on both counts and he replied, in the presence of his attorney, that he did. Accordingly, the plea of guilty was accepted and the record discloses that at that time the prosecutor agreed to dismiss an additional charge that was then pending against defendant.

\* \* \* \* \* \*

\* \* \* He changed his plea from not guilty to guilty, *it must be presumed, with full knowledge of the facts and of the consequences thereof because of his representation by counsel.* Thomas v. United States, [290 F.2d 696 (9th Cir.)] supra. *It also appears from the record that defendant's counsel bargained for a plea, and received the benefits of having a previous charge dropped* and of obtaining concurrent sentences on his client's guilty plea to burglary and grand theft." (emphasis added) 102 Ariz. at 216, 217, 427 P.2d at 534.

See also State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971).

■ In view of the record reflecting that defendant told the judge he had entered the plea upon advice of counsel and with full knowledge of what the possible sentence could be, together with the dialogue at the time probation was granted, we have no difficulty in finding that the plea was validly received under the applicable laws of our state. There is no question but that it was voluntarily and intelligently entered with the understanding that defendant could get a long term in prison if he violated the conditions of his probation. A specific finding of voluntariness is not necessary. Such a finding is necessarily implied in the court's acceptance of the plea. State v. Miller, 11 Ariz. App. 457, 465 P.2d 594 (1970), review denied.

■ Lastly, we consider the error urged that the judge did not specifically question defendant as to his waiver of the right to a jury trial or the right to confront witnesses. Under the particular circumstances of his plea, in the middle of a jury trial when represented by able counsel who had at that point cross-examined witnesses and presented motions for mistrial and directed verdicts, it is difficult to see how defendant would be unaware of such waivers.

Passing upon the question of specific waiver, our Supreme Court in the post-Boykin plea case of State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), said:

"It is true that when a plea of guilty is entered in a criminal trial there is a waiver of certain basic federal constitutional rights. Among these is the right to trial by jury, Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522 (1968), and the right to confront one's accusers, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), but neither Rule 11 nor the Boykin case requires in express terms that each of the rights mentioned herein, confrontation and jury trial, must be specifically and expressly waived by the accused prior to acceptance of his guilty plea." 106 Ariz. at 588, 480 P.2d at 344.

In view of the language, we cannot see where there is any requirement in a pre-Boykin case that the defendant be specifically questioned on these points, particularly when he is represented by an attorney.

Since appellant's plea was properly accepted under pre-Boykin standards, we hold that the plea of guilty was validly received and entered and that the trial court did not err in denying defendant's motion to vacate said plea.

Affirmed.

STEVENS, P. J., and CASE, J., concur.