501 P.2d 30

**STATE of Arizona, Appellee,**

v.

**Bobby Lee JONES, Appellant.**

**No. 1 CA–CR 426.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 21, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Davis & Flake, by Dennis I. Davis, Show Low, for appellant.

JACOBSON, Judge.

Defendant has appealed from a judgment of conviction and sentence of 13 to 18 months in the Arizona State Prison for possession of marijuana after his plea of guilty.

Defendant's appointed counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), indicating he has made a diligent search of the record to ascertain any possible grounds to reverse the defendant's conviction. Defendant's counsel has also indicated that he has contacted the defendant concerning any possible grounds the defendant may have which in his opinion may require a reversal and that such contact has had negative results. Pursuant to *Anders,* counsel lists the following issues which are, in his opinion, arguable:

(1) Was the search and seizure of the marijuana at the defendant's place of abode valid under the search warrant as it existed, when the search warrant was made out to a prior abode of the defendant and not the one wherein the marijuana was taken?

(2) Did the police coerce the defendant into involuntarily leading them to the marijuana which he had secreted in his home?

(3) Was the defendant's sentence excessive?

In connection with the first two issues, counsel admits that defendant entered a plea of guilty to the charge of the possession of marijuana; that the entry of such plea was the result of a plea bargain whereby another charge of possession of marijuana was dismissed, this charge arising while defendant was released on his own recognizance on the first charge; and that the trial judge properly received the guilty plea, properly advised the defendant of all his rights; and that the record reflects a factual basis for the plea. Under this state of the record we hold that this appeal is controlled by the doctrine of State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967), which stated:

"The conviction and sentence which follow a plea of guilty are based solely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities (citations omitted) and, after a plea of guilty, a defendant may not thereafter question the legal sufficiency of the evidence against him on appeal." (Citations omitted.) 102 Ariz. at 216, 427 P.2d at 534.

As to the excessiveness of the sentence we note that while the defendant was released on his own recognizance pending disposition of the charge to which he subsequently pled guilty, the defendant was arrested and charged with another felony, possession of marijuana. We further note that the sentence was well within the limits

allowed by statute. A.R.S. § 36–1002.05 (1961). Under these circumstances we do not find the sentence excessive. State v. Sayre, 108 Ariz. 14, 492 P.2d 393 (1972); *see* State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966). This court has also examined the record for error and has found none. A.R.S. § 13–1715 (1967).

Judgments and sentence affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.