NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

CHARLES ARTHUR COGER, *Petitioner.*

No. 1 CA-CR 19-0181 PRPC
FILED 12-12-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2015-000623-001 DT
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED IN PART; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Charles Arthur Coger, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

¶1          Charles Arthur Coger petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review, grant relief in part, and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

¶2          The State indicted Coger on charges of possession or use of methamphetamine and resisting arrest.  After the superior court denied his motion to suppress the drug evidence, Coger waived his right to counsel and proceeded *in propria persona*.  Coger filed an untimely notice of appeal challenging the denial of his suppression motion, and this court dismissed the appeal on that basis.

¶3          On the first day of trial, Coger decided to plead guilty to both charges pursuant to a plea agreement with the State.  In accordance with the agreement, the superior court sentenced him to consecutive prison terms totaling eight years.

¶4          Coger filed a timely notice of post-conviction relief, and the superior court appointed counsel to represent him.  After Coger's attorney stated she could find no colorable claims to pursue, Coger elected to file a *pro per* petition.  The superior court summarily dismissed that petition, occasioning our review.

## ANALYSIS

¶5          In his petition for review, Coger asserts the superior court erred in dismissing the following claims:  (1) his motion to suppress should have been granted; (2) the State obstructed him from appealing the denial of that motion; (3) the court misinformed him about his right to appeal the denial of his suppression motion; and (4) the plea agreement is void.  We review the superior court's decision for an abuse of discretion.  *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

¶6          Because the validity of Coger's plea affects our resolution of his other claims, we begin by considering—and rejecting—his argument that the plea is void.  Several days before trial was to start, the State extended a written plea offer to Coger that provided it would "EXPIRE[ ]" and be "VOID IF NOT ENTERED IN COURT BY 12/15/16."  On December 20, 2016, Coger asked to enter the plea agreement and the State allowed him

to do so. By proceeding with the agreement despite its stated expiration date, Coger and the State effectively waived enforcement of that term. *See Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980) ("Waiver by conduct [is] established by evidence of acts inconsistent with an intent to assert [a known] right."). Thus, the plea agreement is not void.

¶7        Coger's remaining claims all relate to the denial of his motion to suppress. Coger contends the State prevented him from timely appealing that denial because Maricopa County Inmate Legal Services refused to forward his notice of appeal to the superior court, which caused him to miss the filing deadline. Even if Coger's recitation of the facts is correct, no relief is warranted because Coger had no right to appeal the denial of his suppression motion before final judgment. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-4033(A); *see also Gastelum v. Hegyi*, 237 Ariz. 211, 213, ¶ 5 (App. 2015) (recognizing that the denial of a motion to suppress is only reviewable before final judgment by special action jurisdiction, which is rarely accepted).

¶8        Coger's attempt to relitigate the merits of his suppression motion in this proceeding is also futile. A defendant who pleads guilty waives "all questions in regard to the legality of [a] search and seizure." *State v. Lopez*, 99 Ariz. 11, 13 (1965); *see also State v. Flewellen*, 127 Ariz. 342, 345 (1980) (recognizing that a guilty plea "constitutes a waiver of all non-jurisdictional defenses" (citations omitted)).

¶9        In plea discussions with the State, a major sticking point for Coger was whether the State's offer was worth giving up his right to appeal the denial of his motion to suppress. At a conference less than one week before trial, the superior court informed Coger that the time to appeal that evidentiary decision had expired. The following day, the court held another conference to address, *inter alia*, Coger's "concerns about whether [he] could appeal [the suppression] decision." The court told Coger he could not appeal the denial of his motion to suppress even if he went to trial and lost. Coger decided to change his plea soon thereafter.

¶10        For reasons expressed above, the superior court misinformed Coger that he would be unable to appeal the suppression decision if he were convicted after trial. *See* A.R.S. § 13-4033(A); *State v. Sharp*, 193 Ariz. 414, 421, ¶ 22 (1999), *abrogation on other grounds recognized in McKinney v. Ryan*, 813 F.3d 798, 816 (9th Cir. 2015); *State v. Inzunza*, 234 Ariz. 78, 82, ¶ 12 n.3 (App. 2014).

¶11 Based on the record presented, Coger has established a material issue of fact regarding whether the court's misstatement materially contributed to his decision to plead guilty and prevented him from entering a plea "voluntarily and intelligently." Ariz. R. Crim. P. 17.1(b); *see also State v. Pac*, 165 Ariz. 294, 295-96 (1990) ("A plea will be found involuntary [] where a defendant lacks information of 'true importance in the decision-making process.'" (quoting *State v. Crowder*, 155 Ariz. 477, 481 (1987))); *but see State v. Pritchett*, 27 Ariz. App. 701, 703 (1976) (finding a plea was not involuntary where it was based on the defendant's "honest misunderstanding" or "mistaken subjective impressions" that were not "reasonably justified"). Coger is therefore entitled to an evidentiary hearing on this issue. *See* Ariz. R. Crim. P. 32.8(a); *see also Amaral*, 239 Ariz. at 220, ¶ 11 (holding that a petitioner seeking post-conviction relief is entitled to an evidentiary hearing if "he has alleged facts which, if true, would *probably* have changed the verdict or sentence"); *State v. Bowers*, 192 Ariz. 419, 425, ¶ 25 (App. 1998) (holding that a pleading defendant establishes a colorable claim of prejudice by presenting specific facts showing the defendant would not have pled guilty in the absence of counsel's errors).

## CONCLUSION

¶12 Accordingly, we grant review and grant relief in part. We remand with instructions to conduct an evidentiary hearing consistent with this decision. We otherwise deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA