74 N.J. Super. 305 (1962)
181 A.2d 208
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ROOSEVELT ROBINSON AND JOSEPHINE ROBINSON, DEFENDANTS.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided May 10, 1962.
*307 Mr. John J. Gillies, Assistant Prosecutor of Essex County, for plaintiff (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. Herman W. Kapp, attorney, for defendant Roosevelt Robinson.
Mr. Robert Scherling, attorney, for defendant Josephine Robinson.
MASUCCI, J.C.C.
This is a motion by the defendants Roosevelt Robinson and his wife Josephine Robinson to suppress evidence.
Originally this motion was made by the defendant Roosevelt Robinson alone. However, at the hearing the parties stipulated that the defendant Josephine Robinson would join therein and the motion of Roosevelt Robinson would be treated as one on behalf of both defendants.
The evidence consists of lottery paraphernalia seized by police officers in the course of a search of the premises at 418 Bergen Street, Newark, New Jersey. The search was admittedly made without a search warrant. The defendants contend that the search was an unreasonable one and therefore that the fruits thereof must be suppressed in accordance with Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
The circumstances surrounding the search are as follows: On July 23, 1960, at approximately 8:15 A.M., Newark police officers received information that a lottery business was being conducted at 418 Bergen Street, Newark, New Jersey. Three police officers, without procuring a search warrant, proceeded to that address and upon their arrival at approximately 9 A.M. knocked on the door and were admitted by the defendant's mother Mrs. Dunn. The officers testified that they identified themselves and that both Mrs. Dunn and the codefendant Mrs. Robinson told them it was *308 all right to search the premises. Mrs. Dunn and Mrs. Robinson both deny that they consented to the search. The ensuing search produced the lottery paraphernalia which is sought to be suppressed.
At the hearing on this motion the defendant Roosevelt Robinson testified that he was separated from his wife, the codefendant herein, and rented an apartment in New York City, but still considered 418 Bergen Street, Newark, New Jersey, to be his residence and kept his clothes and tools at this Newark address.
The main issue is whether the search and seizure in the instant case are unreasonable.
The Fourth Amendment of the United States Constitution and Art. I, par 7, of the 1947 New Jersey Constitution prohibit unreasonable searches and seizures. Our United States Supreme Court has repeatedly emphasized that the mandate of said amendment requires adherence to judicial processes. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925). Only where the search is incidental to a valid arrest, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), or in "exceptional circumstances," Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), may an exemption lie from the requirement of a search warrant, and then the burden is on those seeking the exemption to show the need for it. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951).
In the instant case no search warrant was procured. It is not contended by the State that the search was incidental to an arrest, nor could such contention be made since the defendants were not placed under arrest until the premises were searched and the lottery slips seized. Nor has the State shown any exceptional circumstances to justify the absence of a search warrant. On the contrary, the facts adduced at the hearing preclude a determination that exceptional circumstances existed. There was no suspect fleeing *309 or attempting to flee. The search was of permanent premises, not of a movable vehicle. No reason is offered for not obtaining a search warrant, except a possible inconvenience to the officers and some slight delay necessary to prepare papers and present the evidence to a magistrate. These are never very convincing reasons, and under these circumstances certainly are not enough to by-pass the constitutional requirement. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). See also McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).
Accordingly, this court finds the search and seizure to be an unreasonable one within the prohibition of the Fourth Amendment of the United States Constitution and Art. I, par. 7, of the New Jersey Constitution.
Next to be considered is whether the defendants have legal status to attack the search and seizure as persons aggrieved thereby.
There is no question that the defendant Josephine Robinson has standing and belongs to the class for whose sake the constitutional protection is given. She was in unquestioned possession of the premises illegally searched. Such possession conferred standing upon her, and as such her constitutional rights of privacy were clearly invaded. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
The State claims that the defendant Josephine Robinson waived the right guaranteed by the Federal and State Constitutions, i.e. freedom from unreasonable searches and seizures.
At the outset, on this question of waiver, it should be noted that the opening of the door and admittance of the officers, in itself, does not carry with it consent to search the premises. Williams v. United States, 105 U.S. App. D.C. 41, 263 F.2d 487 (D.C. Cir. 1959).
In determining whether or not there was such a consent as would constitute a waiver, the court finds guidance in the language of Judge Washington in Judd v. United States, 89 U.S. App. D.C. 64, 190 F.2d 649 (D.C. Cir. 1951):
*310 "Searches and seizures made without a proper warrant are generally to be regarded as unreasonable and violative of the Fourth Amendment. True, the obtaining of the warrant may on occasion be waived by the individual; he may give his consent to the search and seizure. But such a waiver or consent must be proved by clear and positive testimony, and it must be established that there was no duress or coercion, actual or implied. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; United States v. Kelih, D.C.S.D. Ill. 1921, 272 F. 484. The Government must show a consent that is `unequivocal and specific' (Karwicki v. United States, 4 Cir., 55 F.2d 225, 226), `freely and intelligently given.' Kovach v. United States, 6 Cir., 53 F.2d 639. Thus `invitations' to enter one's house, extended to armed officers of the law who demand entrance, are usually to be considered as invitations secured by force. United States v. Marquette, D.C.N.D. Cal. 1920, 271 F. 120. A like view has been taken where an officer displays his badge and declares that he has come to make a search (United States v. Slusser, D.C.S.D. Ohio 1921, 270 F. 818), even where the householder replies `All right.' United States v. Marra, D.C.W.D.N.Y. 1930, 40 F.2d 271. A finding of consent in such circumstances has been held to be `unfounded in reason.' Herter v. United States, 9 Cir., 27 F.2d 521. Intimidation and duress are almost necessarily implicit in such situations; if the Government alleges their absence, it has the burden of convincing the court that they are in fact absent."
In the instant case the State has failed to prove such waiver or consent by clear and positive testimony. One police officer testified that Josephine Robinson told him it was all right to make a search, but she denies that allegation. This falls short of clear and positive evidence of such consent. Moreover, even if the police officer's allegation is correct, still, it has not been established that there was no duress or coercion, either actual or implied. Intimidation and duress are almost necessarily implicit in a situation such as this involving a woman with no showing of any previous experience nor any indication of knowledge of her constitutional rights. If the State alleges their absence, it has the burden of convincing the court that they are in fact absent. Judd v. United States, supra. Whatever permission, if any, was granted to the officers was not such as would amount to a free and conscious waiver of constitutional rights but is to be attributed to a peaceful submission to officers of the law, and this court so finds. *311 United States v. Slusser, 270 F. 818 (D.C.S.D. Ohio 1921).
The question of the required status of the defendant Roosevelt Robinson is not so simple.
In Jones v. United States, supra, it was held that in order to qualify as a person aggrieved by an unlawful search and seizure one must have been
"* * * a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else. * * * The restrictions upon searches and seizures were obviously designed for protection against official invasion of privacy and the security of property. They are not exclusionary provisions against the admission of kinds of evidence deemed inherently unreliable or prejudicial. The exclusion * * * of evidence otherwise competent but gathered by federal officials in violation of the Fourth Amendment is a means for making effective the protection of privacy.
Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy." 362 U.S. 257, 261, 80 S.Ct. 725.
The court goes on, however, to state that:
"Judge Hand's dilemma is not inescapable. It presupposes requirements of `standing' which we do not find compelling. Two separate lines of thought effectively sustain defendant's standing in this case. (1) The same element in this prosecution which has caused a dilemma, i.e., that possession both convicts and confers standing, eliminates any necessity for a premises searched or the property seized, which ordinarily is required when standing is challenged." 362 U.S. 257, 263, 80 S.Ct. 725 (Emphasis supplied)
In the instant case this defendant alleges possession of the premises searched. However, it was not his home, but was inhabited by his estranged wife and his mother. He had no fixed room but infrequently visited there. He was separated from his wife for the last three years and maintains an apartment in New York City. He does keep some tools and clothes at the Newark address and testified that he considered the Newark address as his home. The *312 latter facts and his statement that he considers said premises his home, of themselves, are insufficient to establish possession. At the hearing no testimony was adduced to the effect that the seized articles were taken from the defendant's clothes or from any room then occupied by him, nor was he on the premises at the time of the search. Absent such facts, the defendant Roosevelt Robinson is not a person in possession or occupancy of said premises, even under the liberal construction allowed in the Jones case.
This defendant claims neither ownership nor possession of the property seized. It is true that where admission or claim of possession of either premises searched or property seized would both confer standing and convict, a defendant is excused from alleging or proving either element. However, he does not claim that possession of the premises would, in addition to conferring standing, convict him of the crime charged in the indictment. In fact, he strongly asserts possession without claim or apparent fear that such contention would also convict.
The defendant fails to come within the excusable elements provided by the Jones case. Nor has he otherwise proved any standing in support of his application for suppression. He must show that he is a party aggrieved by an unlawful search directed against him, as distinguished from one who claims prejudice through the use of evidence gathered as a consequence of a search or seizure directed at some one else. Jones v. United States, supra.
In the instant case there is nothing to establish that the search was directed against this defendant. It appears that the search was directed against premises of another, as to which this court has found that this defendant had neither a proprietary nor possessory interest therein and at a time when he was not on said premises. This defendant, therefore, has no standing to question the legality of the search.
As part of this motion the defendants seek the restoration of the property seized. However, when any gambling *313 apparatus or money is seized in connection with an arrest for gambling, the return of the same is prohibited pending ultimate disposition of the charges. N.J.S. 2A:152-6 through 10.
The motion to suppress the evidence as to the defendant Roosevelt Robinson is, therefore, denied and the motion of the defendant Josephine Robinson is granted; the motion for restoration of the property seized is denied.