STATE of Iowa, Appellee,

v.

Samuel Arthur SHANK, Appellant.

No. 54298.

Supreme Court of Iowa.

Nov. 11, 1971.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Ronald W. Kuntz, Asst. County Atty., Des Moines, for appellee.

REES, Justice.

Defendant Samuel Arthur Shank was indicted jointly with one Jack Reeves for the crime of robbery with aggravation as defined in sections 711.1 and 711.2, Iowa Code 1966. He was tried to a jury, convicted and sentenced, and now appeals. We affirm.

During the evening of October ·27, 1969 a service station on southeast Fourteenth street, Des Moines, operated by one Guy Potts, was robbed by two men wearing stocking caps and jackets, one being armed with a pistol and the other with a knife. Some time later a Des Moines police officer, acting on information and armed with a warrant for the arrest of Reeves, located a 1955 or 1956 Chevrolet with California license plates and a 1957 blue Plymouth, at a motel in Des Moines. It later developed the Plymouth was the property of Reeves and the Chevrolet was owned by the defendant's mother, but was in defendant's possession. The police officer had been informed Reeves was staying at Shank's residence, but investigation disclosed they were not there but at the motel where they were finally arrested. Upon his arrival at the motel, the police officer summoned help from another officer, and they then learned the location of the motel room Reeves was occupying, went to his room and placed him under arrest. Both officers testified, over objection by defendant's counsel that the evidence sought to be elicited was hearsay, that Reeves had consented to the search of his automobile. The search disclosed one Ruger pistol, a switchblade knife, and a starter pistol. The Ruger pistol and the switchblade knife were identified by the victims of the robbery as being .those used by defendant and Reeves in the commission of the crime.

Following the arrest of Reeves and the search of his car, the officers ascertained the location of the room occupied by defendant, went to the room, found the defendant and asked his permission to search his car, which was obtained. The search of Shank's car disclosed two stocking caps and two jackets which fit the description of the clothing worn by the two men who robbed the filling station. Shank was then placed under arrest.

A motion in limine was filed in advance of trial by defendant's counsel, in which motion defendant sought an order prohibiting the State from making reference to any statements of Reeves made outside the presence of the defendant on the grounds that the same constituted hearsay and would deny to the defendant the right to confront and cross-examine witnesses against him. The motion in limine was sustained with the exception the court permitted the State to propound a question as to whether Reeves consented to the search of his car, indicating that the answer to such an interrogatory would be limited to "yes" or "no". Defendant relies for reversal on the proposition that the court erred in allowing the State to have its witnesses testify as to consent to search accomplice's car when said consent was obtained outside of the presence of the defendant, contending defendant was entitled to the cross-examination and confrontation of all witnesses who were to testify against him, and that he has standing to object to any search made against an accomplice and to the property found as a result of said search.

I. We first examine the question of defendant's standing to object to the search of Reeves' automobile.

The test for determining whether a person may challenge the search and subsequent seizure is succinctly and aptly stated in Jones v. United States, 362 U.S. 257,

261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960):

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else.

\* \* \* \* \* \*

"Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy."

The term "person aggrieved" is the terminology used in Fed.R.Crim.Pro. 41(e), 18 U.S.C.A., which deals with the suppression of illegally seized evidence.

Iowa's position has been similarly stated recently in State v. Harty (Iowa 1969), 167 N.W.2d 665, 668, in a quote from Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969):

" 'The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing.' "

See also United States v. Callahan, 439 F. 2d 852 (C.C.A.2d, 1971); Jernigan v. State (Okl.Cr.1971), 485 P.2d 778, 780; State v. One 1960 Mercury Station Wagon, 5 Conn.Cir. 1, 240 A.2d 99 (1968); Gabert v. State, 85 Nev. 331, 454 P.2d 897 (1969); State v. Robinson, 74 N.J.Super. 305, 181 A.2d 208 (1962); Commonwealth v. Smith, 201 Pa.Super. 511, 193 A.2d 778 (1963).

cf. Alderman v. United States, supra, (dissenting opinion by Fortas, J.)

The defendant urges that standing is not limited to an owner or tenant, citing State v. Moore, 261 Iowa 1100, 1106, 156 N.W.2d 890, 894 (1968). We agree.

Prior to Jones v. United States, supra, standing was based upon a possessory interest, and was accorded only to those who had a possessory interest in the item seized or the premises searched. However, the majority in Jones v. United States, supra, was critical of the practice of basing the Fourth Amendment rights on subtle distinctions which may or may not have significance. Accordingly, the test for applying the Fourth Amendment rights has shifted to a determination of the question as to whose rights had been violated and at whom the search was directed. Alderman v. United States, supra; Jones v. United States, supra; State v. Harty, supra.

We must, therefore, initially determine whether the Fourth Amendment rights of freedom from unreasonable searches and seizures of the defendant were violated by the search of the Reeves' automobile.

The record indicates the police were looking for the two automobiles described above. They were aware that some sort of relationship existed between Reeves and Shank, but had a warrant for the arrest of Reeves only. Reeves was arrested and his car searched. The search revealed the pistol and the knife which ultimately were introduced as incriminating evidence against Shank on the trial of his case. The record, however, does not reflect that the search was directed at Shank, or that he was a victim thereof. In fact, Shank was not arrested until after a consent search of his own automobile disclosed clothing identical to that worn by the perpetrators of the robbery.

The burden of showing the rights of the Fourth Amendment have been infringed upon rests on the party seeking to avail himself of the same. Jones v. United States, supra, 362 U.S. at 261, 80 S.Ct. at

**706**

731, 4 L.Ed.2d 697; Smith v. United States, 122 U.S.App.D.C. 339, 353 F.2d 877, 880 (1965); Lotto v. United States, 157 F.2d 623 (C.C.A.8th Iowa 1946), cert. denied, 330 U.S. 811, 67 S.Ct. 1082, 91 L.Ed. 1266; State v. Robinson, *supra.* Assertion of a violation of the Fourth Amendment rights shall not be allowed to be made vicariously, and it is not an unfair burden to require the defendant to show a violation of those rights.

Defendant makes no assertion the search was directed at him or that he was a victim thereof. He urges, rather, that the police testimony as to consent by Reeves to search the Reeves' car is hearsay as to him, and denies him the right to confront and cross-examine witnesses against him.

We are not, however, inclined to extend the limits of the Fourth Amendment rights beyond the victim of the search, at whom the search was directed. Alderman v. United States, *supra*; Jones v. United States, *supra*; State v. Harty, *supra.*

The defendant has not established, and we cannot find that he is a victim of the search, nor that the search was directed at him.

Accordingly, it was not error for the court to permit the introduction of the evidence found in Reeves' automobile upon the trial of the matter before us.

II. We do not reach the question as to whether the search of Reeves' car was lawful. That issue is not before us. We hold only that in the instant case the defendant had no standing to question the same. Since we have so determined, we find it unnecessary to determine whether the testimony of the police officers relating to Reeves' consent was or was not hearsay.

Finding no reversible error, the trial court is affirmed.

Affirmed.

MOORE, C. J., and LeGRAND, UHLENHOPP and REYNOLDSON, JJ., concur.

MASON, RAWLINGS and BECKER, JJ., dissent.