**STATE of Iowa, Appellee,**

v.

**Terry Cleophas SALLIS, Appellant.**

**No. 58096.**

Supreme Court of Iowa.

Feb. 18, 1976.

John W. Ackerman, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., John G. Mullen, Asst. Atty. Gen., and David J. Dutton, County Atty., Waterloo, for appellee.

Submitted to REYNOLDSON, Acting C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for larceny in violation of § 709.5, The Code. He contends the State's evidence was insufficient to negative his defense of alibi and was insufficient in any event to establish the elements of the offense because it consisted of the uncorroborated testimony of two witnesses who, as a matter of law, were accomplices. We find no merit in these contentions and affirm.

I. *Negativing alibi.* Defendant asserts the State failed to prove the time of the alleged crime. He argues it was essential that the State do so because his theory of defense was based upon alibi. Although it is not clear he preserved error on this contention, we prefer to rest our determination on its merits.

▆ When an alibi issue exists, it amounts to a contention by the defendant that he was not present at the time and place of the offense charged. An alibi issue can arise only in relation to charges in which the defendant's presence at the time and place involved is essential. When the issue does arise, the jury is told it must acquit the defendant if, after consideration of all the evidence, it has a reasonable doubt that the defendant was present at the time and place the alleged offense was committed. The burden remains with the State to prove the defendant was present. *State v. Jones,* 193 N.W.2d 509, 513–515 (Iowa 1972).

▆▆ In such a situation, which existed here, the State's duty to negative the defense of alibi does not become an independent element in the charge. The State's duty to prove the defendant was present inheres in the regular elements of the offense; the State must prove the defendant

performed the acts alleged. See *State v. Buchanan,* 207 N.W.2d 784, 789 (Iowa 1973) (special concurrence). In this case the State was obliged to prove defendant did on or about July 1, 1974, steal two boxes of cigarettes worth more than $20 from the West Side Conoco Station in Waterloo. The State's evidence tended to show the offense occurred at about 12:30 p. m. on that date. Defendant's evidence tended to show he was somewhere else at that time. In order to prove the charge, it was incumbent upon the State to show defendant was in fact present at the time and place of the offense; it was not essential that the State establish the precise time of the offense.

Defendant's attack upon the sufficiency of the State's evidence to establish the time of the offense is really an attack upon the sufficiency of the State's evidence to generate a jury question on the issue whether defendant did participate in the stealing of cigarettes on the occasion alleged.

▆ In evaluating sufficiency of the evidence, we view it in its light most favorable to the jury verdict. *State v. Staker,* 220 N.W.2d 613, 617–618 (Iowa 1974). The jury could find the station was opened at 10:00 a. m. on July 1, 1974. The station manager observed three large boxes of cigarettes in a backroom of the station at 10:30 a. m. He was working alone in the station and did not see anyone remove any of the cartons. He did some book work after opening the station and then started to clean some shelving in the oil rack area. At about 12:30 p. m. he left that area to wait on a customer, James Harrington. After waiting on Harrington, he attended to several other customers. Then he entered the backroom of the station to get cigarettes and found two boxes missing. He believed the cigarettes must have been taken sometime between shortly before noon and shortly after 12:30 p. m.

▆ Harrington, a longtime friend of defendant, met defendant and one Leonard

"Snooky" Sailor between noon and 1:00 p. m. on that day and at their request gave them a ride to an alley near the station, let them out, and then drove into the station to have his brakes checked. Defendant and Sailor told him they were going to "check something out".

At about 12:30 p. m. a Waterloo police officer was at a nearby gas station. While there he saw two black men whom he could not identify walking on a sidewalk in a direction taking them away from the Conoco station carrying two large cardboard boxes. He saw them enter a car he later determined was driven by one Alfred Hawkins.

Hawkins had left his Waterloo home about 12:30 p. m. and had driven to an intersection near the Conoco station. There he saw defendant and Sailor who were each carrying a box of cigarettes. They solicited a ride from him. At their direction he drove them to a place where they got out of his car and into Harrington's car. He heard Sailor tell Harrington, "Let's get away from here; these cigarettes is hot."

We hold this evidence was sufficient for the jury to find the State met its burden to prove defendant's participation in the offense at the time and place alleged.

II. *The accomplice testimony.* Defendant contends Harrington and Hawkins were accomplices as a matter of law. He asserts the trial court erred in treating this as a jury issue. He further asserts their testimony lacked requisite corroboration, so that the trial court erred in failing to direct a verdict in his behalf upon his motion made at the conclusion of the evidence.

A witness is an accomplice if he could be indicted and convicted of the same crime. The question of who are accomplices is one of law for the court when the facts as to the witness's culpability are neither disputed nor susceptible of different inferences; when these facts are disputed

or susceptible of different inferences, the question is one of fact for the jury. *State v. Schreck,* 258 Iowa 218, 221–222, 137 N.W.2d 914, 915–916 (1965).

Hawkins disclaimed any knowledge of criminal activity until after defendant and Sailor left his car and Sailor said something to Harrington about the cigarettes being "hot". He denied participation in the offense. The trial court did not err in refusing to hold he was an accomplice as a matter of law.

Harrington also disclaimed any knowledge of criminal activity. He testified his brakes were not working properly and the station manager found he needed brake fluid. He said he did not know what defendant and Sailor planned to do, he did not see what they did after they left his car at the station, and they did not tell him later what they had done. Although the question is close, we conclude the trial court did not err in refusing to hold Harrington was an accomplice as a matter of law.

The trial court agreed with defendant that the testimony of Harrington and Hawkins was uncorroborated within the meaning of § 782.5, The Code. See *State v. Bizzett,* 212 N.W.2d 466, 468 (Iowa 1973). Thus, the court instructed the jury that if it found Harrington and Hawkins were accomplices, it had a duty to acquit defendant. We have no basis in the record to say the jury found them to be accomplices. Hence we find no merit in defendant's argument that absence of corroboration requires his conviction to be set aside.

No reversible error appears.

Affirmed.