**STATE of Iowa, Plaintiff-Appellee,**

v.

**Eddie L. SANDERS,
Defendant-Appellant.**

No. 62158.

Court of Appeals of Iowa.

June 28, 1979.

Review by Supreme Court Denied
Aug. 9, 1979.

Gregory A. Johnson, of Johnson & Phelan, Fort Madison, Iowa, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Lona Hansen, Asst. Atty. Gen., and R. David Fahey, Jr., Asst. Lee County Atty., Fort Madison, for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

CARTER, Judge.

Defendant appeals judgment of conviction for the offense of conspiracy in violation of section 719.1, The Code 1977. The state's evidence at trial was sufficient, if believed, to establish the existence of a conspiracy by defendant and others to smuggle marijuana into the penitentiary at Fort Madison by hollowing out softballs, filling them with marijuana, and throwing them over the prison walls.

On appeal, defendant asserts, as grounds for reversal and new trial: (1) that there was no probable cause to issue a search warrant for the apartment of an alleged coconspirator and that all evidence obtained as a result of the search should therefore have been suppressed; (2) that he was denied his statutory right to a speedy indictment; and (3) that the only testimony linking him to the conspiracy was provided by the uncorroborated testimony of accomplices.

I. Defendant moved unsuccessfully in the trial court for suppression of evidence obtained from a search by law officers of the apartment of an alleged coconspirator pursuant to a warrant. Such evidence included thread from the softballs and marijuana. The basis for the motion to suppress was defendant's claim that the issuance of the search warrant was not based upon probable cause as required by the Fourth Amendment. The trial court did not consider the merits of this contention because it determined defendant lacked standing to assert these Fourth Amendment claims. Defendant contends this ruling was erroneous and asks this court to determine he does possess standing to assert the alleged constitutional violations.

The Supreme Court has recently considered the concept of standing to be subsumed under substantive Fourth Amendment doctrine rather than involving a separate concept to be considered prior to applying such substantive doctrine. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). We thus consider whether defendant, as the person seeking to challenge the legality of the search, "was himself the 'victim' of the search or seizure." *Rakas*, 439 U.S. 132, 99 S.Ct. 424, 58 L.Ed.2d 394. We conclude that the trial court correctly determined that he was not.

■ Defendant concedes that he had no possessory or proprietary interests in the premises searched, which was the residence of one Nona Hendrix, a coconspirator. Nor does he claim to have been legitimately on the premises when the search was conducted.[1] His contention that *his* Fourth Amendment rights were violated is based entirely on the claim that he had sufficient interest in the property which was seized.[2] In this regard, we note that defendant did not affirmatively assert an interest in the items seized in support of his motion to suppress. Indeed, he asserted the contrary. His motion to suppress states, in part, that "standing to object to a physical search of the premises, namely Nona Hendrix's residence, does not rest on his [defendant's] possessory interests in the items seized." After making such admission in the trial court, defendant may not assert a possessory or proprietary interest in the items seized for purposes of this appeal.

■ Nor do we act favorably upon defendant's urging that we apply the so-called automatic standing rule adopted in *Jones v.*

*United States*, 362 U.S. 257, 262–64, 80 S.Ct. 725, 731–32, 4 L.Ed.2d 697, 703–04 (1960). That doctrine applies to situations where possession of the items seized is an essential element of the offense charged. *State v. Osborne*, 200 N.W.2d 798, 805 (Iowa 1972). Possession of the items seized in the present case is not an essential element of the conspiracy charge of which defendant was convicted.[3] Coconspirators and codefendants have been accorded no special standing. *State v. Shank*, 191 N.W.2d 703, 705 (Iowa 1971).

■ Defendant asserts that automatic standing should also be accorded to an accused who, under the state's theory of the case, has a criminal interest in or involvement with the items seized. A similar argument was made in *Brown v. United States*, 411 U.S. 223, 230 n.4, 93 S.Ct. 1565, 1569–70 n.4, 36 L.Ed.2d 208, 214 (1973) which, like the present case, involved a charge of conspiracy. In rejecting the argument, the Court stated:

> Petitioners now contend that they had a partnership "property interest" in or "constructive possession" of the stolen goods . . . as a conspiracy is a "partnership in crime." Even if the petitioners had not already "sold" the merchandise . . . their "property interest" in the merchandise was totally illegitimate. The "constructive possession" argument is equally ingenious but equally unavailing.

We similarly reject defendant's argument in the present case.

■■ Lastly, on the issue of suppression of evidence, we must reject defendant's contention that to require him to assert a

1. We therefore do not consider whether being legitimately on the premises continues to be a basis for standing as held in *State v. Osborne*, 200 N.W.2d 798, 806 (Iowa 1972). The *Rakas* decision declined to confer standing on that basis.

2. *Rakas* continues to cite with approval an earlier decision of the Supreme Court which stated that a possessory or proprietary interest in the property seized is sufficient to invoke Fourth Amendment protection. *E. g., United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59

(1951). For Iowa cases which appear to adopt this position see *State v. Osborne*, 200 N.W.2d 798, 803–04 (Iowa 1972) and *State v. Shank*, 191 N.W.2d 703, 705 (Iowa 1971).

3. An earlier charge of possession of a controlled substance with an intent to deliver had been dismissed by the State. We reject defendant's contention that the filing of such charge irrevocably fixed the State's position with respect to his possessory interest in the challenged evidence.

possessory or proprietary interest in the items seized at the suppression hearing would be violative of his Fifth Amendment privilege against self-incrimination. As a result of the holding of the Supreme Court in *Simmons v. United States,* 390 U.S. 377, 389–94, 88 S.Ct. 967, 973–76, 19 L.Ed.2d 1247, 1256–59 (1968), a prosecutor may not use against a defendant at trial any testimony given by that defendant at a pretrial hearing to establish standing to move to suppress evidence. *Accord Brown v. United States,* 411 U.S. 223, 228, 93 S.Ct. 1565, 1568–69, 36 L.Ed.2d 208, 213 (1973).[4] The trial court did not err in overruling defendant's motion to suppress evidence.

■ II. Defendant's second contention on appeal is that his statutory right to be indicted or informed against within thirty days of being held to answer was denied. Such claim, based upon section 795.1, The Code 1977, was raised in the trial court by a motion to dismiss the information. The trial court denied the motion.

This claim of the defendant is predicated entirely upon the filing and disposition of two prior charges against him. Defendant was preliminarily charged with possession of a controlled substance with intent to deliver on March 1, 1978, and was held to answer on such charge on the same date as a result of waiving preliminary hearing. No indictment or information ever resulted from that charge. On March 20, 1978 a trial information was filed by the county attorney charging defendant with conspiracy under sections 706.1, 706.3, Supplement to the Code, 1977. This information was voluntarily dismissed by the state on April 21, 1978 and on the same date, a county attorney's information was filed on the present charge of conspiracy under section 719.1, The Code 1977.

Based upon these circumstances, defendant had never been held to answer on the present charge prior to being informed

against and therefore no violation of section 795.1, occurred. *See e. g., State v. Burton,* 231 N.W.2d 577, 578 (Iowa 1975). The trial court did not err in refusing to dismiss the information on this ground.

■ III. Lastly, defendant contends that his motion for directed verdict should have been sustained on the ground that the evidence tying him to the alleged conspiracy is based entirely upon the uncorroborated testimony of accomplices to the crime. This, he urges, is contrary to section 782.5, The Code 1977.

As to all of the witnesses which defendant now claims are accomplices, the trial court submitted the determination of their status to the jury under proper instruction. No request was made by defendant that the jury be peremptorily instructed that certain witnesses were accomplices as a matter of law. No argument is made on appeal that this should have been done. Therefore, the only ruling for us to review is the denial of the motion for directed verdict.

In reviewing the entire record, we conclude that three of these witnesses, Wanda La Rue, Paula Garcia, and Arthur Williams, were clearly not accomplices as a matter of law. We have no way of determining that the jury found them to be accomplices. *State v. Sallis,* 238 N.W.2d 799, 802 (Iowa 1976). We must assume the jury's finding was consistent with its general verdict. Their testimony is sufficient, if believed, to corroborate the testimony of the other witnesses who may have been accomplices as a matter of law. On this state of the record, the motion for directed verdict was properly overruled. We have considered all issues presented and find no basis for reversal.

AFFIRMED.

---

4. Defendant asserts that the holding in *Simmons* does not protect him against use of such evidence for purposes of impeaching his trial testimony. We do not decide whether such suppression hearing testimony may be used for this purpose. Even assuming such possibility exists, we decline to enlarge the concept of automatic standing to embrace defendant's situation in the present case.