STATE of Iowa, Plaintiff-Appellee,

v.

David HUNGERFORD,
Defendant-Appellant.

No. 63845.

Court of Appeals of Iowa.

Sept. 29, 1981.

Richard E. Mundy, Cedar Rapids, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Thomas N. Martin, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant appeals from judgment and sentence imposed upon conviction of the offenses of possession of burglary tools, pos-

session of a controlled substance with intent to deliver, and possession of a firearm by a felon, in violation of sections 713.4, 204.-401(1), and 724.26, The Code. All issues argued on appeal relate to the admissibility of certain evidence seized by police officers from a van in which defendant had been riding as a passenger. The trial court determined that defendant lacked standing to attack the legality of the search of the interior of the van which he did not claim to own when he also did not claim to own the items seized. In the alternative, the trial court found that the search was justified on the grounds of probable cause (gleaned from a plain view examination) and exigent circumstances. The trial court further found that the original stopping of the van was pursuant to a valid investigatory stop.[1] On appeal, defendant asserts that a) based upon what was visible to the officers from the place where they were legally entitled to be, probable cause was lacking for a search of the van, and b) defendant was placed under arrest prior to the search without probable cause and that the fruits of the search were the products of that illegal arrest.

Considering these arguments in inverse order, we first conclude that even if defendant's arrest was completed without probable cause, the fruits of the search were not the product of the invasion of defendant's own liberty.[2] Such fruits were instead the product of the subsequent search of the van. The only items seized which depended in any way on defendant's arrest were suppressed by the trial court.[3]

As to the search of the van, the trial court properly found that it was not a violation of defendant's fourth amendment right based upon the concept of personal standing to assert fourth amendment claims established in *Rakas v. Illinois*, 439 U.S. 128, 131,

---

1. We do not find in defendant's argument any challenge to the correctness of trial court's finding upholding the investigatory stop, nor do we believe from our review of the record that such a challenge would be successful.

2. The test is whether granting the establishment of the illegal arrest "the evidence to

which instant objection is made has been come at by exploitation of that illegality." *Wong Sun v. United States*, 371 U.S. 471, 487–88, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963).

3. These were items taken from defendant's pockets.

99 S.Ct. 421, 423, 58 L.Ed.2d 387, 393 (1978). *See also State v. Sanders*, 282 N.W.2d 770 (Iowa App.1979). Therefore, defendant's claim based on the assertion that the search was without probable cause is of no consequence because even if such were found to be the case, it would not afford him any ground to suppress the evidence. *Rakus*, 439 U.S. at 131, 99 S.Ct. at 423, 58 L.Ed.2d at 393.

In making this determination, we recognize that one of the offenses charged, possession of a controlled substance with intent to deliver, is of the type formerly believed to confer automatic standing. *Sanders*, 282 N.W.2d at 772. Such is no longer the case since the Supreme Court's decision in *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Because defendant's suppression motion is predicated solely on federal constitutional grounds, that decision is controlling.

We have considered all issues presented and find no ground for reversal.

AFFIRMED.