# IN THE COURT OF APPEALS OF IOWA

No. 24-0474
Filed August 6, 2025

**MICHAEL ALLEN ZANONI,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, John R. Flynn, Judge.

The applicant appeals the denial of his application for postconviction relief, arguing his trial counsel provided ineffective assistance.  **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., Buller, J., and Potterfield, S.J.*  Badding, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

Michael Zanoni entered an *Alford* guilty plea[1] to possession with intent to deliver (methamphetamine), a class "C" felony.  He sought postconviction relief (PCR), arguing trial counsel provided ineffective assistance by failing to (1) review video evidence before the suppression hearing and (2) properly advise him of the circumstances of his case when he decided to plead guilty.  The district court denied his application, which Zanoni challenges on appeal.

**I. Background Facts and Proceedings.**

We adopt the district court's recitation of facts of the underlying offense from its ruling denying Zanoni's motion to suppress:

> On October 6, 2020 Deputy [Preston] King with the Boone County Sheriff's office was on patrol in west Ames.  He observed Melissa Patten driving.  She pulled into a business on XG Place. This is a commercial-industrial area where there have been several burglaries of businesses.  It was approximately 1:00 a.m.  The deputy ran the license plate and it was reported that the registered owner of that vehicle, a female, had no valid driver's license.  The deputy had seen Patten and [Zanoni] enter a business, Ames Remodeling, located on XG place.  Patten came to the door to talk to the deputy. After a brief period the remainder of their contact occurred outside.
>
> Patten indicated that she had a key to the business and was employed there, although at the late hour the business was closed. She said the owner was "Steve," but that she did not know his last name despite having worked there for five months.  She was dressed in pajama pants and hooded sweatshirt.  [Zanoni] was dressed in jeans and a v-neck t-shirt.  Patten indicated she was at the business to work on her personal vehicle, but that her boss did not know she was there.
>
> The deputy went to his vehicle to write a citation for Patten for a no valid driver's license ticket.  Another deputy had been present

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty.  An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

during this time. While the ticket was being written the deputies discussed that they did not think Patten's and [Zanoni's] explanations of their activities were consistent or sensical. Patten was extremely nervous and agitated, unable to keep still. As there was drug dog in the area they called in that deputy to do a sniff on the outside of Patten's car that was parked outside the business. The dog hit on the car and drugs were found inside. Patten was arrested. After a period of time, [Zanoni] was told he was free to go, that he could walk away or call a cab. [He] left. Just before the deputy left with Patten to transport her to the jail, she said that [Zanoni] had left a small backpack inside. Officers went inside with Patten, and she showed them where the bag was located. Officers searched the bag and immediately found suspected methamphetamine along with related items of evidence.

Based on the 28.2 grams of methamphetamine found in the backpack and Patten's report the bag belonged to him, Zanoni was charged with possession with intent to deliver (more than five grams of methamphetamine), a class "B" felony (count I), and failure to affix a tax stamp as an habitual offender, a class "D" felony (count II).

He moved to suppress evidence of the recovered drugs. He argued that—assuming without conceding the backpack belonged to him—the officers violated his constitutional rights with the warrantless search of the bag after Patten told them they would find drugs inside. And he argued that Patten was unable to give consent for the search of his bag. The State resisted, and—following an evidentiary hearing—the district court denied the motion.

Zanoni entered an *Alford* guilty plea to possession with intent to deliver (methamphetamine), a class "C" felony, pursuant to a plea agreement. In exchange, the State dismissed the charge for failing to affix a tax stamp and agreed to jointly recommend Zanoni be sentenced to a suspended ten-year prison sentence and probation with substance-use treatment. As laid out in the written

guilty plea, the plea agreement reduced Zanoni's exposure from twenty-five years with a one-third mandatory minimum on count I and fifteen years with three years mandatory minimum on count II (for a possible total term of incarceration of forty years with more than eleven years mandatory minimum) to a possible ten-year sentence. The district court accepted the plea, sentenced Zanoni to a suspended ten-year term, and placed him on a probation for two to five years.

Almost immediately, Zanoni violated the terms of his probation. The district court found him in contempt and ordered Zanoni to reside at a residential care facility as part of his probation. Then, after Zanoni again violated the terms, the district court revoked his probation. In September 2022, Zanoni was ordered to serve the ten-year prison sentence the district court originally suspended.

In January 2023, Zanoni filed an application for PCR. He later amended it with the assistance of counsel, asserting he received ineffective assistance from trial counsel when counsel failed to fully investigate the underlying charges and properly advise him of the consequences of his guilty plea.

Each of Zanoni's three trial attorneys and Zanoni testified at the PCR hearing. As the suppression-hearing transcript made apparent,[2] Zanoni's trial counsel had not yet seen the body cam video from law enforcement at the time of the suppression hearing. Zanoni argued that if trial counsel had seen it, counsel would have realized the size and pattern was that of a bag a woman would own. He claimed trial counsel's lack of awareness of what the video showed prevented

---

[2] When the State moved to admit the video exhibit, trial counsel stated, "Your Honor, I did file a motion to produce evidence on January 1 of this year. I haven't received anything yet. I haven't seen that video, but I'm not going to object to it. I'm pretty—I can assume what's on it. No objection."

counsel from arguing the bag was not Zanoni's and that failure to argue this fact harmed Zanoni in the suppression ruling. Zanoni also claimed that if his trial counsel told him that Patten was unable to be located and served with a subpoena for trial in late April 2021—as the record demonstrates occurred—he would not have entered his guilty plea a few days later.

The district court concluded Zanoni did not establish he was prejudiced by trial counsel's failure to watch the body cam footage before the suppression hearing because Zanoni did not present a meritorious argument that trial counsel should have made based on what was shown in the footage. In other words, Zanoni did not explain what counsel should have gleaned and used from the footage that would have resulted in suppression of the evidence. Regarding his claim he would not have pled guilty if counsel properly advised him of the circumstances involving Patten, the district court concluded Zanoni failed to establish he would have insisted on going to trial if he had been aware of the service issue. The court concluded Zanoni's testimony on the point was not credible in comparison to trial counsel's testimony about Zanoni's wish to avoid trial and receive probation, and the court noted that Zanoni greatly reduced his exposure to prison time by entering into the plea agreement.

Zanoni appeals.

## II. Standard of Review.

"We ordinarily review PCR rulings for correction of errors at law. . . . But when the allegation is ineffective assistance of [trial] counsel, we review de novo." *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022) (internal citations omitted).

**III. Discussion.**

"To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001); *see Strickland v. Washington*, 466 U.S. 668, 686 (1984). "However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142.

To show ineffective assistance, "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* "[W]e scrutinize each claim in light of the totality of the circumstances. In the end, the inquiry is transformed into an individualized fact-based analysis." *Id.* (internal citation omitted). "We presume the attorney performed competently, and the applicant must present 'an affirmative factual basis establishing inadequate representation.'" *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008) (citation omitted).

"Under the second prong, [the applicant] must establish that prejudice resulted from counsel's failure to perform an essential duty." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). "Prejudice exists where [the applicant] proves a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (cleaned up). "In the context of pleas [the applicant] must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

**Viewing bodycam footage.** On appeal, Zanoni argues trial counsel breached a duty by failing to review the bodycam footage before the suppression

hearing and that this failure caused him to be unsuccessful in having the evidence excluded. Zanoni's focus is that counsel could have better argued the backpack did not belong to him if counsel had watched the video. But as the State points out, arguing the backpack was not Zanoni's would not have been a successful strategy for suppression, as Zanoni could not challenge the warrantless search of the bag if it was not his. *See State v. Lowe*, 812 N.W.2d 554, 567 (Iowa 2012) ("In order to object to the evidence on constitutional grounds, [the defendant] must show that his own constitutional rights, under either the state or federal constitutions, have been violated."); *State v. Naujoks*, 637 N.W.2d 101, 106 (Iowa 2001) ("The right afforded by the Fourth Amendment is specific to the individual and may not be invoked by third persons."); *State v. Shank*, 191 N.W.2d 703, 705–06 (Iowa 1971) ("The burden of showing the rights of the Fourth Amendment have been infringed upon rests on the party seeking to avail himself of the same. Assertion of a violation of the Fourth Amendment rights shall not be allowed to be made vicariously, and it is not an unfair burden to require the defendant to show a violation of those rights." (internal citations omitted)). And counsel only has a duty to make meritorious arguments. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit."). Plus, if Zanoni had elected to go to trial, he was still free to argue that the bag belonged to someone else and to point out Patten's motive to link the bag to him even if it was not his—the arguments he claims should have been raised at suppression were better suited for trial, and those arguments remained possible following the suppression hearing.

As Zanoni fails to establish how counsel's failure to view the video prejudiced him, this claim of ineffective assistance fails.

**Issue serving Patten with subpoena.** Zanoni maintains he would not have entered his guilty plea if counsel had advised him that Patten could not be found to be served with a subpoena a few days earlier. He claims he would have insisted on going to trial if he had known the circumstances. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("In the context of a guilty plea, an applicant for [PCR] must prove a reasonable probability that, but for counsel's alleged errors, he or she would not have pled guilty and would have insisted on going to trial." (cleaned up)). But the district court did not find this testimony credible, and "[w]e give considerable deference to the trial court's findings regarding the credibility of the witnesses." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). And the record supports the district court's conclusion. Not only did trial counsel testify Zanoni wanted to avoid trial and receive probation, but we also note that Zanoni did not file a motion in arrest of judgment or directly appeal his guilty plea. He only challenged it after his probation was revoked and he was ordered to serve the prison sentence that was originally suspended. Zanoni did not establish he would have gone to trial if only he was advised about the service issues involving Patten. *See Dempsey*, 860 N.W.2d at 869 (requiring the applicant claiming ineffective assistance after pleading guilty to "proffer objective, corroborating evidence" to support their stance rather than just "his or her own subjective, self-serving testimony"). So this claim of ineffective assistance fails.

**IV. Conclusion.**

Zanoni failed to prove his claims of ineffective assistance; we affirm the denial of his PCR application.

**AFFIRMED.**